UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                              :

ELVIS PRESLEY ENTERPRISES, LLC, ELVIS    :     06 CV 13740 (RWS)
MUSIC INC. and WHITE HAVEN MUSIC, INC.   :

          Plaintiffs,               :

                              :     **ANSWER TO FIRST**
     v.                         :     **AMENDED COMPLAINT**
                              :     <u>**AND COUNTERCLAIM**</u>
CARLIN MUSIC CORPORATION          :

          Defendant.           :

                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant Carlin Music Corporation ("Carlin"), by its undersigned attorneys, for its

Answer to the plaintiffs' First Amended Complaint, states as follows:

## GENERAL DENIAL

      Except as otherwise expressly recognized herein, Carlin denies each and every allegation

contained in plaintiffs' First Amended Complaint, including, without limitation, any allegations

contained in the preamble, headings, subheadings or footnotes of the First Amended Complaint,

and specifically denies any liability to plaintiffs.  Pursuant to Rule 8(d) of the Federal Rules of

Civil Procedure, averments in the First Amended Complaint to which no responsive pleading is

required shall be deemed as denied.  Defendant expressly reserves the right to seek to amend

and/or supplement its Answer as may be necessary.

## RESPONSE TO SPECIFIC ALLEGATIONS

      Defendant denies and/or lacks sufficient knowledge and information to form a belief as to

the truth of the allegations contained in the unnumbered paragraph entitled "Nature of the

Action."

1.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 1 of the First Amended Complaint.

2.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 2 of the First Amended Complaint.

3.      Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 3 of the First Amended Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the First Amended Complaint, except admits that it is a corporation organized and existing under the laws of the state of New York.

5.      Defendant denies the allegations contained in Paragraph 5 of the First Amended Complaint, except admits that plaintiffs purport to assert the claims set forth therein, but further denies the validity of those claims.

6.      Defendant avers that no response is required to Paragraph 6 of the First Amended Complaint, which contains only legal conclusions.

7.      Defendant avers that no response is required to Paragraph 7 of the First Amended Complaint, which contains only legal conclusions.  Defendant is not contesting this Court's jurisdiction over it.

8.      Defendant avers that no response is required to Paragraph 8 of the First Amended Complaint, which contains only legal conclusions.  Defendant is not contesting the venue of this action.

9.      Defendant admits that plaintiffs purport to assert the claims set forth therein, but denies the validity of those claims, and further denies that the musical composition "Hound Dog" is part of the so-called "Gladys/EPM Catalog."

10.     Defendant denies the allegations contained in Paragraph 10 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint, except admits that certain of the persons or entities identified in this paragraph have entered into contractual relationships, and respectfully refers the Court to those contracts for their contents.

11.     Defendant denies the allegations contained in Paragraph 11 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint, except admits that certain of the persons or entities identified in this paragraph have entered into contractual relationships, and respectfully refers the Court to those contracts for their contents.

12.     Defendant denies the allegations contained in Paragraph 12 of the First Amended Complaint, except admits that plaintiffs purport to assert the claims set forth therein, but further denies the validity of those claims.

13.     Defendant denies the allegations contained in Paragraph 13 of the First Amended Complaint, except admits that plaintiffs purport to assert the claims set forth therein, but further denies the validity of those claims.

14.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 14 of the First Amended Complaint, except Carlin admits that Freddy Bienstock previously stated that the Aberbachs owned and/or controlled a company called Hill & Range Songs, Inc. and that Hill & Range Songs, Inc. entered into one or more contractual relationships with Elvis Presley.

15.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended Complaint, except Carlin

3

is informed and believes that Gladys Music, Inc. and Elvis Presley Music, Inc. were set up as New York corporations.

16.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended Complaint.

17.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 17 of the First Amended Complaint.

18.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 18 of the First Amended Complaint.

19.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint, except Carlin admits that Freddy Bienstock previously stated that he worked for Hill and Range in the 1950s.

20.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint.

21.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint.

22.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint.

23.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint, except Carlin admits that Freddy Bienstock previously stated that he was the sole salaried employee of Presley and Gladys Music for a period of time, and denies, upon information and belief, the disparaging remarks contained therein.

24.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint, except Carlin admits that Freddy Bienstock previously stated that the Aberbachs formed Belinda Music (London) Limited.

25.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint, except Carlin is informed and believes that Belinda was granted various rights and interests to compositions in the *Gladys/EPM Catalog* prior to 1966.

26.     Defendant admits the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     Defendant admits the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint, except (i) admits that it was a party to an agreement with Belinda and that Belinda was a party to an agreement with Hill & Range, which Carlin performed, and respectfully refers the Court to these agreements for their contents; and (ii) lacks sufficient knowledge and information to form a belief as to Hill & Range's accounting to EPM and Gladys.

29.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint, except Carlin admits that Freddy Bienstock previously stated that EPM and Gladys were dissolved prior to Elvis Presley's death in 1977 and that Hill & Range acted as the music publisher for the works at issue.

30.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 34 of the First Amended Complaint.

35.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 35 of the First Amended Complaint, except Carlin admits that Freddy Bienstock previously stated that Hill & Range sold certain assets to Chappell in 1975.

36.     Defendant avers that no response is required to Paragraph 36 of the First Amended Complaint, which contains only legal conclusions.

37.     Defendant avers that no response is required to Paragraph 37 of the First Amended Complaint, which contains only legal conclusions.

38.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 38 of the First Amended Complaint.

39.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 39 of the First Amended Complaint.

40.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 40 of the First Amended Complaint but denies, upon information and belief, the disparaging remarks contained therein.

41.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 41 of the First Amended Complaint but denies, upon information and belief, the disparaging remarks contained therein.

42.     Defendant denies the allegations contained in Paragraph 42 of the First Amended Complaint, except admits that the Aberbachs and others made certain of the stated demands.

43.     Defendant denies the allegations contained in Paragraph 43 of the First Amended Complaint to the extent they relate to actions taken by Carlin and denies, upon information and belief, all other allegations contained in Paragraph 43 of the First Amended Complaint.

44.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 44 of the First Amended Complaint, except admits that the National Bank of Commerce, Priscilla B. Presley, Julian Aberbach, and Joachim Jean Aberbach brought an action against Carlin in the United Kingdom and that Carlin brought an action in New York Supreme Court, New York County (Index No. 27345/91) against the National Bank of Commerce, Priscilla B. Presley, Julian Aberbach, and Joachim Jean Aberbach, and respectfully refers the Court to those documents for their contents.

45.     Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint, except admits that certain parties entered into the agreement attached as Exhibit 1 to the First Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

7

47.     Defendant denies the allegations contained in Paragraph 47 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

48.     Defendant denies the allegations contained in Paragraph 48 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

49.     Defendant denies the allegations contained in Paragraph 49 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents, including with respect to Plaintiffs' erroneous use of the term "grand performance rights."

50.     Defendant denies the allegations contained in Paragraph 50 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

51.     Defendant denies the allegations contained in Paragraph 51 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

52.     Defendant denies the allegations contained in Paragraph 52 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

53.     Defendant denies the allegations contained in Paragraph 53 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the First Amended Complaint, except admits that plaintiff sought and conducted an audit.

55.     Defendant denies the allegations contained in Paragraph 55 of the First Amended Complaint, except (1) admits that plaintiff sought and conducted an audit; and (ii) lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 55 of the First Amended Compliant.

8

56.    Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 56 of the First Amended Complaint.

57.    Defendant denies the allegations contained in Paragraph 57 of the First Amended Complaint, and respectfully refers the Court to the identified audit report for its contents thereof.

58.    Defendant denies the allegations contained in Paragraph 58 of the First Amended Complaint, and respectfully refers the Court to the identified audit report for the contents thereof.

59.    Defendant admits the allegations contained in Paragraph 59 of the First Amended Complaint.

60.    Defendant denies the allegations contained in Paragraph 60 of the First Amended Complaint, and/or respectfully refers the Court to the underlying agreements for their contents.

61.    Defendant denies the allegations contained in Paragraph 61 of the First Amended Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of the First Amended Complaint, and respectfully refers the Court to the identified audit report for its contents.

63.    Defendant denies the allegations contained in Paragraph 63 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 63 of the First Amended Complaint, and respectfully refers the Court to the identified audit report for its contents.

64.    Defendant denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65.    Defendant denies the allegations contained in Paragraph 65 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

9

66.     Defendant denies the allegations contained in Paragraph 66 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

67.     Defendant denies the allegations contained in Paragraph 67 of the First Amended Complaint and respectfully refers the Court to the 1992 Settlement Agreement for its contents, including with respect to Plaintiffs' erroneous use of the term "grand performance rights."

68.     Defendant denies the allegations contained in Paragraph 68 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents, including with respect to Plaintiffs' erroneous use of the term "grand performance rights."

69.     Defendant denies the allegations contained in Paragraph 69 of the First Amended Complaint, except (i) admits that David Japp took issue with the characterization of Carlin as "agent" of Elvis Presley Music/Gladys Music; (ii) lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 69 of the First Amended Complaint, as they relate to EPE's own dealings; and (iii) respectfully refers the Court to the referenced license agreement with Kenwright for its contents.

70.     Defendant denies the allegations contained in Paragraph 70 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 70 of the First Amended Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the First Amended Complaint, except lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 71 of the First Amended Complaint relating to EPE's dealings.

72.     Defendant admits the allegations contained in Paragraph 72 of the First Amended Complaint.

73.     Defendant avers that no response is required to Paragraph 73 of the First Amended Complaint, which contains only legal conclusions.

74.     Defendant avers that no response is required to Paragraph 74 of the First Amended Complaint, which contains only legal conclusions.

75.     Defendant denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76.     Defendant admits the allegations contained in Paragraph 76 of the First Amended Complaint, but denies any wrongdoing in connection therewith.

77.     Defendant denies the allegations contained in Paragraph 77 of the First Amended Complaint, except admits that Chrysalis Music Group USA sent a letter to Defendant dated December 1, 2005, and refers the court to that letter for its contents.

78.     Defendant denies the allegations contained in Paragraph 78 of the First Amended Complaint, except admits that Defendant sent an email to Chrysalis Music Group USA on December 5, 2005, and refers the court to that email for the contents thereof.

79.     Defendant denies the allegations contained in Paragraph 79 of the First Amended Complaint, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

80.     Defendant denies the allegations contained in Paragraph 80 of the First Amended Complaint, and/or denies that the allegation has any legal significance, and respectfully refers the Court to the 1992 Settlement Agreement for its contents.

81.     Defendant denies the allegations contained in Paragraph 81 of the First Amended Complaint.

82.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 82 of the First Amended Complaint.

83. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 83 of the First Amended Complaint.

84. In response to Paragraph 84 of the First Amended Complaint, Defendant admits that plaintiffs have attached as Exhibit 4 to the First Amended Complaint a document which plaintiffs contend is a memo dated July 16, 1973.

85. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 85 of the First Amended Complaint.

86. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 86 of the First Amended Complaint.

87. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 87 of the First Amended Complaint.

88. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 88 of the First Amended Complaint.

89. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 89 of the First Amended Complaint.

90. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 90 of the First Amended Complaint.

91. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 91 of the First Amended Complaint.

92. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 92 of the First Amended Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the First Amended Complaint, and respectfully refers the Court to the agreements for their contents.

94. Defendant denies the allegations contained in Paragraph 94 of the First Amended Complaint, except admits that certain of the entities identified in this paragraph have entered into contractual relationships, and respectfully refers the Court to those contracts for their contents.

95. Defendant denies the allegations contained in Paragraph 95 of the First Amended Complaint, and respectfully refers the Court to the agreements for their contents.

96. Defendant denies the allegations contained in Paragraph 96 of the First Amended Complaint, and respectfully refers the Court to the agreements for their contents.

97. Defendant denies the allegations contained in Paragraph 97 of the First Amended Complaint, except admits that Defendant has entered into various subpublishing agreements with various affiliated entities.

98. Responding to Paragraph 98 of the First Amended Complaint, defendant respectfully refers the Court to the referenced agreements for their contents.

99. Defendant denies the allegations contained in Paragraph 99 of the First Amended Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the First Amended Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the First Amended Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the First Amended Complaint.

103. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the First Amended Complaint on the

grounds that the allegations are vague and ambiguous with respect to whose records were reviewed and what records were reviewed.

104.    Defendant denies the allegations contained in Paragraph 104 of the First Amended Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the First Amended Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the First Amended Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the First Amended Complaint to the extent it suggests Carlin was obligated to register the identified works.

108.    Defendant denies the allegations contained in Paragraph 108 of the First Amended Complaint.

109.    Defendant denies the allegations contained in Paragraph 109 of the First Amended Complaint.

110.    Defendant denies the allegations contained in Paragraph 110 of the First Amended Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of the First Amended Complaint, except admits that Defendant has entered into various subpublishing agreements with various affiliated entities.

112.    Defendant denies the allegations contained in Paragraph 112 of the First Amended Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of the First Amended Complaint, except admits that Carlin communicated in writing on January 12, 2006, and respectfully refers the Court to that writing for its contents.

114.    Defendant denies the allegations contained in Paragraph 114 of the First Amended Complaint.

115.    Defendant denies, upon information and belief, the allegations contained in Paragraph 115 of the First Amended Complaint.

116.    Defendant denies the allegations contained in Paragraph 116 of the First Amended Complaint.

117.    Defendant denies the allegations contained in Paragraph 117 of the First Amended Complaint, except admits that Defendant has entered into various subpublishing agreements with various entities, including Muziekuitgeverij Artemis B.V..

118.    Defendant denies the allegations contained in Paragraph 118 of the First Amended Complaint.

### RESPONSE TO FIRST CAUSE OF ACTION FOR ALLEGED BREACH OF THE 1992 SETTLEMENT AGREEMENT (THE *GLADYS/EPM CATALOG*)

119.    Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1-118 of the First Amended Complaint as if fully set forth herein.

120.    Defendant avers that no response is required to Paragraph 120 of the First Amended Complaint, which contains only legal conclusions.

121.    Defendant avers that no response is required to Paragraph 121 of the First Amended Complaint, which contains only legal conclusions.

122.    Defendant denies the allegations contained in Paragraph 122 of the First Amended Complaint.

123.    Defendant denies the allegations contained in Paragraph 123 of the First Amended Complaint.

124.    Defendant denies the allegations contained in Paragraph 124 of the First Amended Complaint.

125.    Defendant denies the allegations contained in Paragraph 125 of the First Amended Complaint.

## RESPONSE TO THE SECOND CAUSE OF ACTION
## FOR ALLEGED BREACH OF THE 1973 CONTRACTS

126.    Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1-125 of the First Amended Complaint as if fully set forth herein.

127.    Defendant avers that no response is required to Paragraph 127 of the First Amended Complaint, which contains only legal conclusions.

128.    Defendant avers that no response is required to Paragraph 128 of the First Amended Complaint, which contains only legal conclusions.

129.    Defendant denies the allegations contained in Paragraph 129 of the First Amended Complaint.

130.    Defendant denies the allegations contained in Paragraph 130 of the First Amended Complaint.

131.    Defendant denies the allegations contained in Paragraph 131 of the First Amended Complaint.

132.    Defendant denies the allegations contained in Paragraph 132 of the First Amended Complaint.

**RESPONSE TO THE THIRD CAUSE OF ACTION**
**FOR DECLARATORY JUDGMENT THAT**
**THE 1992 SETTLEMENT AGREEMENT IS TERMINATED**

133.    Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1-132 of the First Amended Complaint as if fully set forth herein.

134.    Defendant avers that no response is required to Paragraph 134 of the First Amended Complaint, which contains only legal conclusions.

135.    Defendant avers that no response is required to Paragraph 135 of the First Amended Complaint, which contains only legal conclusions.

136.    Responding to Paragraph 136 of the First Amended Complaint, defendant respectfully refers the Court to the 1992 Settlement Agreement for its contents.

137.    Defendant denies the allegations contained in Paragraph 137 of the First Amended Complaint.

138.    Defendant denies the allegations contained in Paragraph 138 of the First Amended Complaint.

139.    Defendant denies the allegations contained in Paragraph 139 of the First Amended Complaint.

140.    Defendant denies the allegations contained in Paragraph 140 of the First Amended Complaint, except admits that EPE purports to make the allegations contained in Paragraph 140 of the First Amended Complaint, but further denies the validity of those allegations.

141.    Defendant admits the allegations contained in Paragraph 141 of the First Amended Complaint.

142.     Defendant avers that no response is required to Paragraph 142 of the First Amended Complaint, which contains only legal conclusions.

143.     Defendant denies the allegations contained in Paragraph 143 of the First Amended Complaint.

### RESPONSE TO THE FOURTH CAUSE OF ACTION FOR ALLEGED FOREIGN COPYRIGHT INFRINGEMENT – GRAND RIGHTS

144.     Defendant repeats and realleges its responses to the allegations contained in Paragraphs 1-143 of the First Amended Complaint as if fully set forth herein.

145.     Defendant avers that no response is required to Paragraph 145 of the First Amended Complaint, which contains only legal conclusions.

146.     Defendant avers that no response is required to Paragraph 146 of the First Amended Complaint, which contains only legal conclusions.

147.     Defendant denies the allegations contained in Paragraph 147 of the First Amended Complaint with respect to Plaintiffs' erroneous use of term "grand performance rights."

148.     Defendant denies the allegations contained in Paragraph 148 of the First Amended Complaint with respect to Plaintiffs' erroneous use of term "grand performance rights."

149.     Defendant denies the allegations contained in Paragraph 149 of the First Amended Complaint.

150.     Defendant denies the allegations contained in Paragraph 150 of the First Amended Complaint.

151.     Defendant denies the allegations contained in Paragraph 151 of the First Amended Complaint.

18

152.    Defendant denies the allegations contained in Paragraph 152 of the First Amended Complaint.

153.    Defendant denies the allegations contained in Paragraph 153 of the First Amended Complaint.

## RESPONSE TO THE FIFTH CAUSE OF ACTION FOR ALLEGED FOREIGN COPYRIGHT INFRINGEMENT – REVERSION RIGHTS

154.    Defendant repeats and realleges its response to the allegations contained in Paragraphs 1-153 of the First Amended Complaint as if fully set forth herein.

155.    Defendant avers that no response is required to Paragraph 155 of the First Amended Complaint, which contains only legal conclusions.

156.    Defendant avers that no response is required to Paragraph 156 of the First Amended Complaint, which contains only legal conclusions.

157.    Defendant avers that no response is required to Paragraph 157 of the First Amended Complaint, which contains only legal conclusions.

158.    Defendant avers that no response is required to Paragraph 158 of the First Amended Complaint, which contains only legal conclusions.

159.    Defendant avers that no response is required to Paragraph 159 of the First Amended Complaint, which contains only legal conclusions.

160.    Defendant denies, on information and belief, the truth of the allegations contained in Paragraph 160 of the First Amended Complaint.

161.    Defendant denies the allegations contained in Paragraph 161 of the First Amended Complaint.

162.    Defendant admits the allegations contained in Paragraph 162 of the First Amended Complaint, but denies any wrongdoing in connection therewith.

163.    Defendant denies the allegations contained in Paragraph 163 of the First Amended Complaint.

164.    Defendant denies the allegations contained in Paragraph 164 of the First Amended Complaint.

165.    Defendant denies the allegations contained in Paragraph 165 of the First Amended Complaint.

## RESPONSE TO THE SIXTH CAUSE OF ACTION
## FOR ALLEGED BREACH OF FIDUCIARY DUTY

166.    Defendant repeats and realleges its response to the allegations contained in Paragraphs 1-165 of the First Amended Complaint as if fully set forth herein.

167.    Defendant avers that no response is required to Paragraph 167 of the First Amended Complaint, which contains only legal conclusions.

168.    Defendant avers that no response is required to Paragraph 168 of the First Amended Complaint, which contains only legal conclusions.

169.    Defendant denies the allegations contained in Paragraph 169 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 169 of the First Amended Complaint.

170.    Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 170 of the First Amended Complaint.

171.    Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 171 of the First Amended Complaint.

172.    Defendant denies the allegations contained in Paragraph 172 of the First Amended Complaint and/or lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 172 of the First Amended Complaint.

173. Defendant denies the allegations contained in Paragraph 173 of the First Amended Complaint.

174. Defendant denies the allegations contained in Paragraph 174 of the First Amended Complaint.

175. Defendant denies the allegations contained in Paragraph 175 of the First Amended Complaint.

## RESPONSE TO THE SEVENTH CAUSE OF ACTION
## FOR ALLEGED COPYRIGHT INFRINGEMENT

176. Defendant repeats and realleges its response to the allegations contained in Paragraphs 1-175 of the First Amended Complaint as if fully set forth herein.

177. Defendant avers that no response is required to Paragraph 177 of the First Amended Complaint, which contains only legal conclusions.

178. Defendant avers that no response is required to Paragraph 178 of the First Amended Complaint, which contains only legal conclusions.

179. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in Paragraph 179 of the First Amended Complaint.

180. Defendant denies the allegations contained in Paragraph 180 of the First Amended Complaint.

181. Defendant denies the allegations contained in Paragraph 181 of the First Amended Complaint.

182. Defendant denies the allegations contained in Paragraph 182 of the First Amended Complaint.

183. Defendant denies the allegations contained in Paragraph 183 of the First Amended Complaint.

184.    Defendant denies the allegations contained in Paragraph 184 of the First Amended Complaint.

## RESPONSE TO THE EIGHTH CAUSE OF ACTION FOR
## ALLEGED UNFAIR COMPETITION UNDER THE LANHAM ACT

185.    Defendant repeats and realleges its response to the allegations contained in Paragraphs 1-184 of the First Amended Complaint as if fully set forth herein.

186.    Defendant avers that no response is required to Paragraph 186 of the First Amended Complaint, which contains only legal conclusions.

187.    Defendant avers that no response is required to Paragraph 187 of the First Amended Complaint, which contains only legal conclusions.

188.    Defendant denies the allegations contained in Paragraph 188 of the First Amended Complaint.

189.    Defendant denies the allegations contained in Paragraph 189 of the First Amended Complaint, including with respect to Plaintiffs' erroneous use of the term "grand performance rights."

190.    Defendant denies the allegations contained in Paragraph 190 of the First Amended Complaint.

191.    Defendant denies the allegations contained in Paragraph 191 of the First Amended Complaint with respect to Plaintiffs' erroneous use of term "grand performance rights."

192.    Defendant denies the allegations contained in Paragraph 192 of the First Amended Complaint, and denies that Defendant has improperly exploited grand performance rights in the United Kingdom and related territories as Defendant understands plaintiffs to erroneously use that term.

193.    Defendant denies the allegations contained in Paragraph 193 of the First Amended Complaint.

194.    Defendant denies the allegations contained in Paragraph 194 of the First Amended Complaint.

195.    Defendant denies the allegations contained in Paragraph 195 of the First Amended Complaint.

196.    Defendant denies the allegations contained in Paragraph 196 of the First Amended Complaint.

197.    Defendant denies the allegations contained in Paragraph 197 of the First Amended Complaint.

## DEFENSES

Without assuming the burden to prove that which properly falls on plaintiffs, Defendant pleads the following separate and additional and alternative defenses to the claims asserted by plaintiffs against it:

### FIRST DEFENSE
### (Failure To State A Claim)

The First Amended Compliant fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Lack Of Standing)

Plaintiffs' claims are barred, in whole or in part, for lack of standing.

### THIRD DEFENSE
### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH DEFENSE
### (Waiver)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE
### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE
### (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and

satisfaction.

## EIGHTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## NINTH DEFENSE
### (No Damage or Injury)

Plaintiffs have not suffered any damage or injury as a result of any act of conduct of

Defendants.

## TENTH DEFENSE
### (No Causation)

Plaintiffs' damages, if any, were not caused, in whole or in part, by the alleged conduct of

Defendants.

### ELEVENTH DEFENSE
#### (License)

Plaintiffs' claims are barred because the exploitations of the musical compositions at issue were licensed and/or authorized.

### TWELFTH DEFENSE
#### (Acquiescence and Consent)

Plaintiffs' claims are barred by the doctrines of acquiescence and consent.

### THIRTEENTH DEFENSE
#### (Good Faith)

Defendant, at all relevant times, acted reasonably and in good faith.

### FOURTEENTH DEFENSE
#### (No Injunctive Relief Available)

The First Amended Complaint fails to state a claim upon which any type of injunctive, temporary or preliminary relief can be granted against Defendants.

### FIFTEENTH DEFENSE
#### (No Punitive Damages Available)

To the extent that plaintiffs are entitled to any damages, plaintiffs are not entitled to any punitive damages.

### SIXTEENTH DEFENSE
#### (Offset/Recoupment)

Any award made to plaintiffs in this action should be offset or otherwise reduced by amounts owed by plaintiffs to Defendant.

## SEVENTEENTH DEFENSE
### (Additional Defenses as Discovered)

Defendant has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to raise additional defenses as they become known to them through discovery in this matter.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the courts of subsequent discovery.

## COUNTERCLAIM FOR RECOUPMENT AGAINST
## ELVIS MUSIC, INC. AND WHITE HAVEN MUSIC, INC.

For its counterclaim, Defendant, by its undersigned attorneys, alleges upon knowledge as to itself, and upon information and belief as to all other matters, as follows:

1.      This counterclaim is brought against plaintiffs White Haven Music, Inc. ("White Haven") and Elvis Music, Inc. ("Elvis Music") seeking recoupment of amounts erroneously overpaid to White Haven and Elvis Music, to the extent such amounts may be recouped against any actionable claims asserted by White Haven and Elvis Music against Carlin.

2.      This counterclaim is made pursuant to Rule 13 of the Federal Rules of Civil Procedure.

3.      This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367, as supplemental to the jurisdiction over the underlying action by plaintiffs.

4.      In June 1973, each of White Haven and Elvis Music entered into an agreement with Carlin.  In their First Amended Complaint, White Haven and Elvis Music refer to these agreements as the "1973 Contracts."

26

5.    Pursuant to the 1973 Contracts, Carlin acted as the copyright administrator throughout the world, excluding the United States and Canada, for various musical compositions governed by such contracts.

6.    In their First Amended Complaint, White Haven and Elvis Music concede that, under the 1973 Contracts, they are entitled to receive no more than 50% of the money generated by Carlin's exploitation of the compositions governed by these contracts.  As White Haven and Elvis Music allege: "[Under the 1973 Contracts], Carlin was to administer the *White Haven/Elvis Music Catalog* and pay to White Haven and Elvis Music fifty percent (50%) of all sums generated, at the source."  First Amended Complaint, ¶ 95.

7.    Although under no circumstances were White Haven and Elvis Music to receive *more* than 50% of the money generated from the foreign exploitation of the compositions governed under the 1973 Contracts, White Haven and Elvis Music have in fact been receiving well over 50% of the money generated from exploitations in France of the compositions governed under the 1973 Contracts.

8.    Through a sub-publishing agreement with Carlin, EMHA, SNC ("EMHA"), a Carlin subsidiary, administers in France the compositions governed under the 1973 Contracts.

9.    EMHA thus receives money from various third parties who are exploiting in France the compositions governed under the 1973 Contracts.  Although Carlin could require that EMHA forward to Carlin the money collected by EMHA that is to be remitted to White Haven and Elvis Music, EMHA forwards these proceeds directly to White Haven and Elvis Music.

10.   In calculating its payments to White Haven and Elvis Music, EMHA should have forwarded 50% of money received by EMHA "at source."  This means, for example, that if

27

EMHA received $1000 from exploitations of the relevant works, EMHA should have sent White Haven and Elvis Music 50% of $1000, or $500.

11.     Rather than calculating its payments to White Haven and Elvis Music based on 50% of money received "at source," EMHA has been erroneously calculating its payments to White Haven and Elvis Music based on *75%* of money received "at source."

12.     As a result, White Haven and Elvis Music have been receiving overpayments from EMHA with respect to the exploitation in France of compositions in the *White Haven/Elvis Music Catalog*.

13.     White Haven and Elvis Music have retained the overpayments that they have received with respect to the exploitation in France of compositions governed under the 1973 Contracts.

14.     Carlin is entitled to recoup from White Haven and Elvis Music amounts overpaid to White Haven and Elvis Music for the exploitation in France of compositions governed under the 1973 Contracts.

15.     Carlin has no adequate remedy at law.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant Carlin respectfully requests that judgment be entered in its favor on each of plaintiffs' claims; that it be granted costs and disbursements in this action, including reasonable attorneys' and experts' fees; and that it be awarded such other and further relief as the Court deems appropriate.

WHEREFORE, Counterclaim Plaintiff Carlin demands judgment in its favor against Plaintiffs and Counterclaim Defendants White Haven Music, Inc. and Elvis Music, Inc. awarding it abatement damages equal to the sum of amounts overpaid to White Haven Music, Inc. and Elvis Music, Inc. with respect to the exploitation of compositions governed under the 1973

Contracts, plus interest on such amounts, and such other and further relief as the Court deems appropriate.

Dated:   New York, New York
         February 20, 2007

                              GIBSON, DUNN & CRUTCHER LLP

                              By: _____
                                  Orin Snyder (OS-3122)
                                  Cynthia Arato (CA-8350)
                                  Aric H. Wu (AW-0252)

                              200 Park Avenue
                              New York, New York 10166-0193
                              Phone: (212) 351-4000
                              Fax: (212) 351-4035

                              Attorneys for Defendant and Counterclaim
                              Plaintiff Carlin Music Corporation